ORIGINAL



```
 1  LAURA E. DUFFY
    United States Attorney
 2  JEFFREY L. SHIH
    Assistant U.S. Attorney
 3  United States Attorney's Office
    880 Front Street, Room 6293
 4  San Diego, California 92101-8893
    Telephone: (619) 546-7981
 5
    Attorneys for Plaintiff
 6  United States of America

 7

 8              UNITED STATES DISTRICT COURT

 9              SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,    )  Case No. 12CR4235-LAB
                                 )
11              Plaintiff,       )
                                 )
12         v.                    )  PLEA AGREEMENT
                                 )  (Fast Track)
13  CARLOS DOMINGUEZ-MAROYOQUI,  )
                                 )
14              Defendant.       )
                                 )
15  _____)

16      IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF
17  AMERICA, through its counsel, Laura E. Duffy, United States Attorney,
18  and Jeffrey L. Shih, Assistant United States Attorney, and defendant,
19  CARLOS DOMINGUEZ-MAROYOQUI, with the advice and consent of Gary P.
20  Burcham, counsel for defendant, as follows:
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  JLS:pcf:10/3/12
```

Def. Initials CDM

PSC:jam:Rev. 2/29/12

# I

# THE PLEA

A. <u>The Charge</u>. Defendant agrees to waive Indictment and plead guilty to a single-count Information charging that:

> On or about September 20, 2012, within the Southern District of California, defendant CARLOS DOMINGUEZ-MAROYOQUI, an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission to the United States; in violation of Title 8, United States Code, Section 1326(a) and (b).
>
> It is further alleged that defendant was removed from the United States subsequent to July 14, 2004.

B. <u>Early Disposition (Fast-Track) Program</u>. The disposition contemplated by this plea agreement is pursuant to an early disposition (Fast-Track) program authorized by the Attorney General of the United States and the United States Attorney for the Southern District of California. In accordance with this program the defendant agrees not to file or argue any substantive motions, including those described in Fed. R. Crim. P. 12.

# II

# NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

    1. Defendant is an alien and not a citizen of the United States;

    2. Defendant was excluded, deported, or removed from the United States; and

      3.    Defendant thereafter was subsequently found in the United States after knowingly and voluntarily reentering and remaining in the United States, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, having expressly consented to defendant's reapplication for admission to the United States.

B.    <u>ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS</u>

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

      1.    Defendant is an alien and not a citizen of the United States;

      2.    On or about July 14, 2004, defendant suffered a felony conviction for Deported Alien Found in the United States, in violation of 8 USC § 1326, in the United States District Court, Southern District of California;

      3.    Defendant subsequently was lawfully excluded, deported and removed from the United States to Mexico on October 6, 2006;

      4.    As alleged in the Information, on September 20, 2012, defendant thereafter was subsequently found in the United States within the Southern District of California after knowingly and voluntarily reentering and remaining in the United States, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, having expressly consented to defendant's reapplication for admission to the United States.

### III

### **PENALTIES**

Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

    A.    A maximum 10 years in prison;

    B.    A maximum $250,000.00 fine;

C.  A mandatory special assessment of $100.00 per count; and

D.  A term of supervised release of no more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS

Defendant understands that this guilty plea waives the right to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages of trial;

D.  Confront and cross-examine adverse witnesses;

E.  Present evidence and to have witnesses testify on behalf of defendant; and,

F.  Not testify or have any adverse inferences drawn from the failure to testify.

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

The Government represents that any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

Defendant understands that if this case proceeded to trial, the Government would be required to provide impeachment information relating to any informants or other witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such

PSC:jam:Rev. 2/29/12          4                Def. Initials C D M
                                                12CR4235

a defense. Defendant acknowledges, however, that by pleading guilty defendant will not be provided this information, if any, and defendant also waives the right to this information. Finally, defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, removal or other adverse immigration consequences; revocation of probation, parole, or supervised release in another case; none of which will serve as grounds to withdraw defendant's guilty plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court;

C. No one has threatened defendant or defendant's family to induce this guilty plea; and

D. Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the Government will bring this plea agreement to the attention of other authorities if requested by the defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines ("Guidelines") and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. Defendant understands further that the sentence cannot be determined until a presentence report has been prepared by the U.S. Probation Office and defense counsel and the Government have had an opportunity to review and challenge the presentence report. Nothing in this plea agreement shall be construed as limiting the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The Government has not made and will not make any representation as to what sentence defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is **not binding on the Court**. Likewise, the recommendation made by the Government is not binding on

PSC:jam:Rev. 2/29/12                                    6

Def. Initials CDM
12CR4235

the Court, and it is uncertain at this time what defendant's sentence will be. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, defendant nevertheless has no right to withdraw the plea.

X

**PARTIES' SENTENCING RECOMMENDATIONS**

A. <u>SENTENCING GUIDELINE CALCULATIONS</u>

Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable):

1. Base Offense Level
   [USSG §2L1.2]                                                     8

2. Prior Conviction                                                 +4[1]
   [USSG § 2L1.2(b)(1)(A)(B)(C)(D)(E)]
   (Specific Offense Characteristic to be
   determined by the Court at time of sentencing
   following preparation of a PSR)

3. Acceptance of Responsibility
   [USSG § 3E1.1]                                                -3 or -2

4. Departure for Fast-Track
   [USSG § 5K3.1]                                                    -2*

**\*The Government reserves the right to reduce its recommended departure if defendant does not proceed to sentencing on the first**

---

[1] The parties agree that if, before defendant is sentenced, contrary or additional information is discovered concerning defendant's criminal history which changes defendant's applicable SOC, then the Government may recommend a sentence based upon any such changes.

PSC:jam:Rev. 2/29/12                          7                    Def. Initials C D M
                                                                    12CR4235

**date set by the Court, unless the parties agree to a continuance or sentencing is continued on the Court's own motion.**

    B.    <u>ACCEPTANCE OF RESPONSIBILITY</u>

Notwithstanding paragraph A.3 above, the Government will <u>not</u> recommend any adjustment for <u>Acceptance of Responsibility</u> if defendant:

    1.    Fails to admit a complete factual basis for the plea at the time it is entered; or

    2.    Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the Court or probation officer; or

    3.    Fails to appear in court; or

    4.    Engages in additional criminal conduct; or

    5.    Attempts to withdraw the plea; or

    6.    Refuses to abide by any lawful court order.

    C.    <u>ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553</u>

The parties agree that the defendant may seek further adjustments or departures under the United States Sentencing Guidelines. The Government is free to oppose any such adjustments or departures. The parties agree that the defendant shall not seek any variances or sentencing reductions under 18 U.S.C. §3553. If defendant seeks any variances or sentencing reductions under 18 U.S.C. §3553, it shall be deemed a breach of the plea agreement, and the Government is free to withdraw its recommendation for a Fast-Track departure.

    D.    <u>NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY</u>

The parties have **no** agreement as to defendant's Criminal History Category.

    E.    <u>"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION</u>

The parties agree that the facts in the "factual basis" paragraph

of this agreement are true, and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. **RECOMMENDATIONS REGARDING SENTENCING**

The Government agrees to recommend that defendant be sentenced within the advisory guideline range as calculated by the Government at the time of sentencing, pursuant to this agreement. The defendant agrees to recommend a sentence within the advisory guideline range as calculated by the defendant at the time of sentencing, pursuant to this agreement.

G. **SPECIAL ASSESSMENT**

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction, to be paid forthwith at time of sentencing. The special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

H. **STIPULATION TO REMOVAL**

If defendant is not a United States citizen or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or any other case. Defendant further waives any right to appeal, reopen or challenge the removal order, in this or any subsequent case, administrative, civil or criminal.

//

Def. Initials C D M
12cr4235

//
//

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing. If the custodial sentence is greater than the high end of that range, defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this plea agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

If defendant breaches this plea agreement, at any time, in any way, including but not limited to appealing or collaterally attacking the conviction or sentence, the Government may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the Government may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## XII

### CRIMES AFTER ARREST OR BREACH OF THE AGREEMENT WILL PERMIT THE GOVERNMENT TO RECOMMEND A HIGHER SENTENCE OR SET ASIDE THE PLEA

This plea agreement is based on the understanding that, prior to

PSC:jam:Rev. 2/29/12                   10                   Def. Initials COM
                                                            12CR4235

defendant's sentencing in this case, defendant has not committed or been arrested for any offense not known to the Government prior to defendant's sentencing. This plea agreement is further based on the understanding that defendant has committed no criminal conduct since defendant's arrest on the present charges, and that defendant will commit no additional criminal conduct before sentencing. If defendant has engaged in or engages in additional criminal conduct during this period, or breaches any of the terms of any agreement with the Government, the Government will not be bound by the recommendations in this plea agreement, and may recommend any lawful sentence. In addition, at its option, the Government may move to set aside the plea.

### XIII

### ENTIRE AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

### XIV

### MODIFICATION OF AGREEMENT MUST BE IN WRITING

No modification of this plea agreement shall be effective unless in writing signed by all parties.

### XV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//

1 //

2 //

3

4                              **XVI**

5                 **DEFENDANT SATISFIED WITH COUNSEL**

6    Defendant has consulted with counsel and is satisfied with
7 counsel's representation.

8                                    LAURA E. DUFFY
                                     United States Attorney
9

10   10/18/2012                      *[signature]*
     DATED                           JEFFREY L. SHIH
11                                   Assistant U.S. Attorney

12   10/12/12                        *[signature]*
13   DATED                           GARY P. BURCHAM
                                     Defense Counsel
14

15 **IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR
   UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION**
16 **ABOVE ARE TRUE.**

17   10-12-12                        Carlos Dominguez M
     DATED                           CARLOS DOMINGUEZ-MAROYOQUI
18                                   Defendant