# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **PRESENTENCE INVESTIGATION REPORT** |
| | ) | |
| | ) | **Docket No.:    0974 3:12CR04235-001-LAB** |
| DOMINGUEZ-Maroyoqui, Carlos | ) | |
| | ) | |

**Prepared for:**   The Honorable Larry A. Burns
                              U.S. District Judge

**Prepared by:**   P. Van Campen
                              U.S. Probation Officer
                              San Diego, CA
                              619-557-2651

**Assistant U.S. Attorney**                    **Defense Counsel**
Jerry A. Behnke                                       Gary Burcham
880 Front Street                                       964 5th Avenue
Room 6293                                              Suite 300
San Diego, CA 92101                              San Diego, CA 92101
(619) 546-9690                                       619-699-5930

**Sentence Date:**   January 28, 2013, at 9:00 a.m.

**Offense:**   8 U.S.C. § 1326(a) and (b), Deported Alien Found in the United States, a
                    Class C felony.

**Penalty:**   (Based on a prior conviction for a felony)  10 years' imprisonment; 3
                    years' supervised release; $250,000 fine; and a $100 special assessment.
                    *Although the plea agreement calls for a 10 maximum custody term, the
                    defendant has a prior aggravated felony conviction.  However, we are
                    bound by the penalty enumerated in the plea agreement.*

**Arrest Date:**   September 20, 2012

**Release Status:**   In continuous federal custody since arrest; 131 days served as of
                            1/28/2013.

**Detainers:**   ICE detainer

**Identifying Data:**



| | |
|---|---|
| **Date of Birth:** | October 14, 1972 |
| **Age:** | 40 |
| **Race:** | White |
| **Hispanic Origin:** | Hispanic origin |
| **Sex:** | Male |
| **Eye Color:** | Brown |
| **Hair Color:** | Black |
| **Height:** | 5ft 0in |
| **Weight:** | 165 lbs. |
| **SSN#:** | none |
| **FBI#:** | 941253XA5 |
| **USM#:** | 47016-198 |
| **CII#:** | A11009204 |
| **ICE#:** | A072993804 |
| **PACTS#:** | 129218 |
| **Education:** | Seventh Grade |
| **Citizenship:** | Mexico (Deported Alien) |
| **Country of Birth:** | Mexico |
| **Place of Birth:** | Navajoa, Sonora, Mexico |

**Current Address:**      Corrections Corporation of America
446 Alta Rd., Ste. 5400
San Diego, CA 92158

**Legal Residence:**      Colonia Sonora
Navajoa, Sonora, Mexico

**Alias(es):**      Coronado, Miranda Armando
Diaz-Diaz, Carlos
Dominguez, Carlos
Dominguez, Carlos Armando
Dominguez M, Carlos Armando
Dominguez M, Carlso A
Dominguez-Manoyoqui, C Armando
Dominguez-Manoyoqui, Carlos
Dominguez-Mariyoqui, C Armando
Dominguez-Mariyoqui, Carlos A
Dominguez-Maroyoqui, C Armando
Dominguez-Maroyoqui , Carlos A
Dominguez-Maroyoqui, Carlos A
Dominguez-Moroyoqui, Carlos
Dominguez-Moroyoqui, Carlos Armando
Garcia-Borbon, Carlos
M, Carlos Dominguez
Maroyoqui, Felipe Dominguez

DOMINGUEZ-Maroyoqui, Carlos                                                                          3

---

Miranda-Armando, Coronado

**Alternate IDs:**        ICE: A72993804
                         A72993080
                         A72995238
                         A72993841
                    DOBs: 09/07/1972
                         10/07/1971
                         10/13/1972

*Restrictions on Use and Redisclosure of Presentence Investigation Report*. Disclosure of this presentence investigation report to the Federal Bureau of Prisons and redisclosure by the Bureau of Prisons is authorized by the United States District Court solely to assist administering the offender's prison sentence (i.e., classification, designation, programming, sentence calculation, pre-release planning, escape apprehension, prison disturbance response, sentence commutation, or pardon) and other limited purposes, including deportation proceedings and  federal investigations directly related to terrorist activities. If this presentence investigation report is redisclosed by the Federal Bureau of Prisons upon completion of its sentence administration function, the report must be returned to the Federal Bureau of Prisons or destroyed. It is the policy of the federal judiciary and the Department of Justice that further redisclosure of the presentence investigation report is prohibited without the consent of the sentencing judge.

This presentence report has taken into consideration the statutory factors listed at 18 U.S.C. § 3553(a) and the advisory sentencing guidelines.

## PART A. THE OFFENSE

### Charge(s) and Conviction(s)

1.   On October 16, 2012, a one-count information was filed in the Southern District of California charging Carlos DOMINGUEZ-Maroyoqui with a violation of 8 U.S.C.§ 1326(a) and (b), Removed Alien Found in the United States.  It was further alleged the defendant was removed from the U.S. subsequent to July 14, 2004.

2.   On November 6, 2012, the defendant pled guilty to the information.

### The Offense Conduct

3.   The following information is summarized from a review of discovery materials provided by the U.S. Attorney's (AUSA) office.  Defense counsel had no further comments to provide.

4.   On September 20, 2012, U.S. Border Patrol agents stationed near the Otay Mesa, California, Port of Entry encountered five illegal aliens, including DOMINGUEZ, hiding in the grass.  Post arrest, the defendant admitted he had climbed over two boundary fences nearby.  Records showed the defendant had been previously deported, most recently on October 6, 2006.

### Defendant's Statement of the Offense

5.   The defendant was interviewed on November 28, 2012, via video conference while detained at the Corrections Corporation of America, located in San Diego, California. The interview was conducted in Spanish with the assistance of an interpreter and in the presence of defense counsel.

6.   Per defense counsel, DOMINGUEZ stipulated to the factual basis of the plea agreement, admitting he illegally entered the United States after having been previously deported following a prior conviction for the same offense.  He declined further comment.

### Offense Level Computation

7.   The 2012 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level.  USSG § 1B1.11.

8.   Base Offense Level: The applicable guideline for 8 U.S.C. § 1326(a) and (b) is a level 8 pursuant to USSG § 2L1.2(a).                                                **8**

9.   Specific Offense Characteristics:  Pursuant to USSG § 2L1.2(b)(1)(A), if the defendant was deported after a conviction for a crime of violence that did not score criminal history points, increase by 12 levels.  DOMINGUEZ was                  **+12**

convicted of assault on a federal officer, Dkt. No. 96-00539-001-BTM.

10.     Adjusted Offense Level:                                                                    **20**

11.     Adjustment for Acceptance of Responsibility: The defendant has clearly
        demonstrated acceptance of responsibility for the offense.  Accordingly, the
        offense level is decreased by two levels.  USSG § 3E1.1(a).                        **-2**

12.     Based on the government's stated intention of bringing a formal motion at
        sentencing, the additional one-level reduction for acceptance of responsibility is
        recommended pursuant to USSG § 3E1.1(b).                                            **-1**

13.     Total Offense Level:                                                                       **17**

## PART B. THE DEFENDANT'S CRIMINAL HISTORY

14.     Unless otherwise indicated, the defendant was represented by defense counsel or waived
        attorney representation for the following convictions/adjudications.

        **Sources of Information**

15.     Computer clearances were conducted through the FBI, CII, California Department of
        Motor Vehicles (DMV), courts and law enforcement agencies. Relevant documents were
        requested and are referenced for the following entries.

16.     Per defense counsel, DOMINGUEZ declined to discuss this topic.

        **Juvenile Adjudication(s)**

17.     None known.

        **Adult Criminal Conviction(s)**

| | Date of Arrest | Charge/Agency | Date Sentence Imposed/Disposition | Guideline | Pts |
|---|---|---|---|---|---|
| 18. | 1/4/1996 (age 23) | 18 U.S.C. § 111 (fel.): Assault on a Federal Officer. USBP, San Diego, CA | U.S. Dist. Crt. (SD/CA) Case No.: 96-00539-001-BTM. 3/21/96: P/G, 135 days custody, 1 yr. S/R 5/17/96: Rel. to ICE for deportation. 9/27/96:SR rvkd, 4 mos. custody consec. to 96-01691-001-BTM. 5/14/97: Released. | 4A1.2(e)(3) | **0** |

DOMINGUEZ and several other undocumented aliens were seen hiding in a landscaped area north of the Otay Mesa Port of Entry. An agent apprehended a group of three aliens and the defendant attempted to abscond. The agent grabbed DOMINGUEZ and he attempted to flee. A struggle ensued, and while fighting with the agent, DOMINGUEZ told the other aliens to flee, which they did. The subject struck the agent with a closed fist several times in the chest, face, and kidney. It took about six agents to subdue the defendant and place him in the transport van. As the transporting agent exited the van, the subject kicked him in the stomach, face, and groin. DOMINGUEZ was again subdued and then transported to the border patrol station for processing.

| 19. | 7/16/1996 (age 23) | 8 U.S.C. § 1326, Deported Alien Found in the U.S. (fel.). USBP, San Diego, CA. | U.S. Dist. Crt. (SD/CA) Case No.: 96-01691-001-BTM. 9/27/96: P/G, 6 mos. custody, 1 yr. S/R 5/14/97: Rel. to ICE for deportation. | 4A1.2(e)(3) | **0** |

According to the arrest report, the agent apprehended the defendant and one other individual north of the Otay Mesa, Port of Entry.

| | 5/29/2001 (age 28) | 8 U.S.C. § 1326, Deported Alien Found in the U.S. (fel.). USBP, San Diego, CA. | U.S. Dist. Crt. (SD/CA) Case No.: 01-01967-001-B. 7/12/01: P/G, 10 mos. custody, 3 yrs. 3/28/02: Rel. to ICE for deportation. 7/26/04: S/R revk'd., 14 mos. prison conc. Dkt. No.: 03CR3534-001-BTM. 10/6/06: Released to ICE for deportation. | 4A1.1(a) | **3** |

DOMINGUEZ was arrested along with eight other illegal immigrants north of the international border.

| | | | | | |
|---|---|---|---|---|---|
| 20. | 7/29/03 (age 31) | 8 U.S.C. § 1326, Deported Alien Found in the U.S. (fel.). USBP, San Diego, CA. | U.S. Dist.  Crt. (SD/CA) Case No.: 03CR3534-001-BTM. 4/14/04: PG. 7/17/04: 30 mos. custody, 3 yrs. S/R. 10/6/06: Released to ICE for deportation. 10/29/09: S/R expired. | 4A1.1(a) | **3** |

The defendant was one of several illegal aliens apprehended near the Otay Mesa Port of Entry.

### Criminal History Computation

21.    The criminal convictions listed above result in six criminal history points.                     **6**

22.    The total criminal history score is six.                                                        **6**

23.    According to the Sentencing Table (USSG Ch.5, Pt.A), a criminal history score of
       six establishes a Criminal History Category III.                                               **III**

### Other Law Enforcement Contacts

24.    On February 19, 1995, DOMINGUEZ was arrested using the name Miranda Armando
       Coronado, for burglary.  He and three other individuals entered a closed Subway
       restaurant in San Diego and carried out an assortment of soft drinks, deli meat, and other
       restaurant products.  He was released to the custody of immigration agents on February
       23, 1995.  The defendant was not prosecuted due to "evidentiary reasons."  According to
       the arresting officer's report, the subject did not make any statement implicating himself
       in the burglary.  One of the other individuals admitted to breaking the glass to the
       restaurant to gain entry and stated DOMINGUEZ helped him carry out the drinks and
       food.

25.    DOMINGUEZ was arrested on June 23, 1995, in National City, California, by a police
       officer for disorderly conduct/under the influence of alcohol.  According to the arrest
       report, the defendant was passed out, needed help to stand, and was combative, difficult
       to awaken, and had slurred speech.  He was arrested under the name Carlos Armando
       Dominguez.  Disposition is unknown.

26.    Immigration and Customs Enforcement (ICE) records reflect the defendant has been
       arrested more than 28 times.  On August 2, 1995, he was apprehended by border patrol
       agents.  He resisted arrest by spitting at one of the agents and then kicked and punched

him.  After being subdued, DOMINGUEZ made racial statements towards an African American agent, specifically derogatory racial remarks, adding he wanted a chance to fight the agent before he was deported to Mexico.  No charges were filed.  The subject was deported on August 19, 1995.

## PART C. OFFENDER CHARACTERISTICS

### Immigration Information

27.    The defendant is a citizen and national of Mexico who was previously removed and/or ordered deported on or about May 14, 1996, May 14, 1997, March 28, 2002, July 14, 2004, and October 6, 2006.

### Personal and Family Data

28.    The following information was provided by the defendant during the presentence interview.

29.    DOMINGUEZ was born in Sonora, Mexico, to the union of Manuel Dominguez-Camargo and Antonia Maroyoqui-Valenzuela.  The defendant's parents both died in Sonora within the last three years from complications resulting from diabetes. DOMINGUEZ disclosed that he has two brothers who reside in Mexico and have no permission to enter the U.S.

30.    The defendant has primarily resided in Mexico, with periods of up to six months spent in the San Diego area for work.  He recalled a normal upbringing, and indicated he first traveled to the U.S. at the age of nineteen.  DOMINGUEZ was previously in a six-year relationship with Marica Gamez (age 29), a factory worker in Tijuana, B.C., Mexico, who continues to have custody of their children Carla Elizabeth (age 11) and Bridgette Antonia Dominguez-Macias (age 12).  The defendant most recently dated Teresa Torres-Torres (age 39), who lives in Guadalajara, Mexico, with their son Carlos Armando Dominguez-Torres (age four).  DOMINGUEZ indicated he maintains close relationships with his children and provides for them financially.  Prior to his most recent reentry into the United States, he was living with his brother in Rosarito, and he indicated he will return there post custody.

### Physical Condition

31.    DOMINGUEZ has no known tattoos; he has scars on his face and back.  He has no current health problems but advised he has two fractured ribs which he declined to discuss.

### Mental and Emotional Health

32.    The defendant has no known mental health issues.

### Substance Abuse

33.  Per defense counsel, DOMINGUEZ declined to discuss this topic.  According to the PSR completed in Docket Number 03CR3534-001-BTM, the defendant denied illicit substance use but said he consumed alcohol, sometimes to the point of intoxication.  At that time, BOP medical records revealed "a self-reported history of 'excessive alcohol use.  No other information was available.'"

### Educational, Vocational and Special Skills

34.  DOMINGUEZ left school in Mexico at the age of 16 so he could find employment.

### Employment Record

35.  The defendant indicated he has worked as a plumber and electrician since he was 17 years old.  Most recently, he earned up to $140 per week while self employed in this manner in Rosarito.

### Financial Condition: Ability to Pay

36.  During the presentence interview, DOMINGUEZ indicated he has no assets or debts.  His living expenses were shared with his brother, and he maintained he attempted to send money to his children whenever possible.

37.  Ability to Pay: The defendant has no assets and his earning potential is limited.  Therefore, a fine is not recommended in this matter.

## PART D. SENTENCING OPTIONS

**The guideline options are advisory pursuant to United States v. Booker.**

### Custody

38.  Statutory Provisions: The maximum term of imprisonment is 10 years.  8 U.S.C. § 1326.

39.  Guideline Provisions: Based on a total offense level of 17 and a Criminal History Category III, **the guideline range for imprisonment is 30 to 37 months.**

### Supervised Release

40.  Statutory Provisions: If a sentence of imprisonment is imposed, a term of not more than three years supervised release is authorized.  18 U.S.C. § 3583(b)(2).

41.  Guideline Provisions: If a sentence of imprisonment of one year of less is imposed, a term of supervised release or at least one year but not more than three years is optional.  Supervised release is required if the sentence exceeds one year.  USSG §§ 5D1.1(a) and(b), and 5D1.2(a)(2).

**Probation**

42.   <u>Statutory Provisions</u>: The defendant is eligible for not less than one nor more than five years' probation by statute. 18 U.S.C. § 3561(c)(1).  Because the offense is a felony, the statute requires that one of the following be imposed as a condition of probation: make restitution, give notice to victims of the offense pursuant to 18 U.S.C.  § 3555, or reside, or refrain from residing, in a specific place or area, unless extraordinary circumstances exist that would make such a condition plainly unreasonable, in which event the court shall impose one or more of the other conditions set forth under subsection (b). 18 U.S.C. § 3563(a)(2).

43.   <u>Guideline Provisions</u>: Because the minimum of the guideline range is ten months or more, the defendant is not eligible for probation.  USSG § 5B1.1, comment. (n.2).

**Fine**

44.   <u>Statutory Provisions</u>: The maximum fine is $250,000.  18 U.S.C. § 3571(b)(3).

45.   <u>Guideline Provisions</u>: Based on a total offense level of 17, the guideline range for the fine is $5,000 to $50,000. USSG § 5E1.2.

**Impact of Plea Agreement**

46.   Based on the written plea agreement, the parties have agreed to the following advisory guideline calculations:

|  |  |  |
|---|---|---|
| 1. | Base Offense Level, USSG § 2L1.2(a) | 8 |
| 2. | Prior Conviction, USSG § 2L1.2(b)(1)(A)(B)(C)(D)(E) [Specific Offense Characteristic to be determined by the Court at the time of sentencing following preparation of a PSR or Criminal History Letter] | +4 |
| 3. | Acceptance of Responsibility, USSG § 3E1.1(a) & (b) | -2 or -3 |
| 4. | Departure for Fast Track, USSG § 5K3.1 | -2 |
| | **Total Offense Level** | **3** |

47.   There is no agreement as to the defendant's criminal history category.

48.   The parties agree that the government will recommend that defendant be sentenced within the advisory guideline range as calculated by the government pursuant to this agreement.

49.   The defendant may request additional adjustments or departures and sentence reductions under the United States Sentencing Guidelines.  The government may oppose any such requests.  The defendant may not request any variances under 18 U.S.C. § 3553.

**PART E. FACTORS THAT MAY WARRANT DEPARTURE**

50.     The government is recommending a two-level "fast-track" departure pursuant to USSG §
        5K3.1.

**PART F. FACTORS THAT MAY WARRANT A SENTENCE OUTSIDE OF THE
        ADVISORY GUIDELINE SYSTEM**

51.     In considering the factors listed in 18 USC 3553(a), specifically the personal
        characteristics of the defendant and the specific nature of this offense; demonstrating the
        serious nature of the offense; and deterrence from future criminal behavior, one must
        balance the need for general deterrence against what custodial term is appropriate.  It is
        believed the established guidelines range is sufficient but not greater than necessary to
        meet the objectives of sentencing.

**PROBATION OFFICER'S ANALYSIS/JUSTIFICATION**

52.     **In analyzing this case and formulating a recommendation, the probation officer has
        considered the advisory sentencing guidelines and pertinent policy statement(s)
        issued by the Sentencing Commission in effect on the date of sentencing, along with
        the factors listed at 18 U.S.C. § 3553(a).**

53.     DOMINGUEZ appears before the court for sentencing relative to his fourth immigration
        related conviction.  It is noted his first such conviction resulted in an assault on a federal
        officer who attempted to apprehend him, and he apparently has a history of combative
        behaviors against law enforcement officials.

54.     The defendant has remained outside of the United States for several years following his
        most recently deportation.  While living with his brother in Mexico, he reportedly had a
        stable living environment.  He declined to discuss his motivation for wanting to risk
        reentry into the United States, but advised he intends to return to Mexico, where all of his
        family members reside.

55.     The guideline custodial range for the instant offense is 30 to 37 months, and is lowered to
        24 to 30 months after factoring in a two-level "fast track" reduction.  DOMINGUEZ's
        lengthiest custodial sentence thus far was 30 months; therefore, a sentence of 30 months
        is again warranted.  A three year term of supervised release is recommended given
        DOMINGUEZ's prior assault conviction.

**SENTENCING RECOMMENDATION**

        **Custody**

56.     <u>Statutory Maximum</u>:        10 years

57.     <u>Guideline Range</u>:          24 to 30 months (USSG § 5K3.1)

58.     <u>Recommendation</u>:           30 months

### Supervised Release

59.   Statutory Maximum:        3 years

60.   Guideline Range:          1 to 3 years

61.   Recommendation:           3 years

### Recommended Conditions of Supervision

62.   That the defendant abide by the mandatory and standard conditions of supervision and the following conditions:

>   If deported, excluded or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion, or voluntary departure.

### Fine

63.   Statutory Maximum:        $250,000

64.   Guideline Range:          $4,000 to $40,000 (USSG § 5K3.1)

65.   Recommendation:           $0

DOMINGUEZ-Maroyoqui, Carlos                                                                    13

---

     **Special Assessment**     $100

 

Respectfully Submitted,

DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

By:

     P. Van Campen
     U.S. Probation Officer

Reviewed and Approved:

Barbara C. Logan
Supervising U.S. Probation Officer
December 18, 2012

PROB 2A SD

## SENTENCING SUMMARY CHART

USPO     x
AUSA
DEF

Defendant's Name: Dominguez-Maroyoqui, Carlos      Docket no. 0974 3:12CR04235-001-LAB

Guideline Manual Used:    November 1, 2012      Agree with USPO Calculations:

Base Offense Level:   (Drug Quantity, if Applicable:   USSG § 2L1.2(a)      )     8

Specific Offense Characteristics:    USSG § 2L1.2(b)(1)(A)-Crime of Violence     +12

 

 

 

Victim Related Adjustment:       _____

Adjustment for Role in the Offense:       _____

Adjustment for Obstruction of Justice:       _____

Adjustment for Reckless Endangerment During Flight:       _____

Adjusted Offense Level:       20

    ☐ Combined (Multiple Counts)   ☐ Career Offender    ☐ Armed Career Criminal

Adjustment for Acceptance of Responsibility:       -3

Total Offense Level:       17

Criminal History Score:       6

Criminal History Category:       III

    ☐ Career Offender      ☐ Armed Career Criminal

Guideline Range:       from    30

(Range limited by:   ☐ minimum mandatory     ☐ stat maximum)     to    37   mths

Departures:

USSG § 5K3.1-Fast track       -2

 

 

Resulting Guideline Range:       from    24

      to    30   mths